IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **ESTEFANY CHAVEZ-FRANCO** <br> 119 Webster Avenue <br> Patterson, NJ 07501, and <br><br> **ANGELICA SALAZAR** <br> 119 Webster Avenue <br> Patterson, NJ 07501, <br><br> **On behalf of themselves and all others** <br> **similarly situated,** <br><br>     **Plaintiffs,** <br><br> **v.** <br><br> **PROMPT RESTORATION, INC.** <br> 6675 Business Parkway, Suite D <br> Elkridge, MD 20175, <br><br>     **SERVE RESIDENT AGENT:** <br>     **David Shananhan** <br>     2704 Back Creek Road <br>     Pasadena, MD 21122, <br><br> **PREMIER INSURANCE SOLUTIONS, INC.** <br> 6675 Business Parkway, Suite D <br> Elkridge, MD 20175 <br><br>     **SERVE RESIDENT AGENT:** <br>     **James J. Martin** <br>     6675 Business Parkway, Suite D <br>     Elkridge, MD 20175 <br><br> **JAMES J. MARTIN** <br> 1700 Bayside Beach Road <br> Pasadena, MD 21122, <br><br> **OMAR ELIAS,** <br> 7432 W. Park Drive <br> Hyattsville, MD 20783, and | Civil Action No. _____ |

**JAMIE L. CHENOWETH**    )
7432 W. Park Drive    )
Hyattsville, MD 20783,    )
          )
     **Defendants.**    )
_____)

## COLLECTIVE ACTION AND INDIVIDUAL COMPLAINTS

Plaintiffs Estefany Chavez-Franco and Angelica Salazar ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, known and unknown, through their attorneys, bring this Collective Action and Individual Complaints for unpaid wages against Defendants Prompt Restoration, Inc., Premier Insurance Solutions, Inc., James L. Martin, Omar Elias, and Jamie Chenowith (collectively "Defendants"), and state as follows:

## NATURE OF THE ACTION

1. Defendants provide emergency, 24-hour, on-call, disaster and recovery services to homes and businesses that were damaged or destroyed by natural disasters, fires, or floods, including emergency "board up" services, mitigation and reconstruction.

2. Defendants often required Plaintiffs and those similarly situated to work over 40 hours in a workweek.

3. Plaintiffs, together with similarly situated employees (collectively, "Class Members"), were or are employed by Defendants as non-exempt employees and bring this action against Defendants for engaging in systematic wage payment violations against employees who worked for Defendants in Maryland and the District of Columbia. Defendants failed to pay overtime at the rate of "time and one-half" of each Plaintiff's and Class Member's regular rate for every hour worked in excess of forty hours in any given workweek. Defendants also failed to pay Plaintiffs and Class

2

Members for every hour worked which should have been compensated at the overtime rate. Defendants also failed to pay Plaintiffs and other employees for compensable travel time and Plaintiff Chavez-Franco for compensable on-call time.

4. As a result of Defendants' systematic failure to pay Plaintiffs and Class Members all wages due to them for work performed, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Labor & Employment Article, § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Employment Article, § 3-501, *et seq.* ("MWPCL")..

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over all state law claims alleged herein pursuant to 28 U.S.C. §1367(a) because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(c) because Defendants are subject to personal jurisdiction in the State of Maryland. Venue in this District is also proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

8. Plaintiff Estefany Chavez Franco ("Chavez-Franco") is an adult resident of the state of New Jersey.

9. Plaintiff Chavez-Franco worked as a disaster and recovery services technician for one or more of the Defendants from on or about August 2010 through February 2012.

10. Plaintiff Chavez-Franco was employed by one or more Defendants within the meaning of 29 U.S.C. § 203(g).

11. Plaintiff Chavez-Franco was employed by one or more Defendants within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq.*, § 3-401 *et seq.*, and §3-501 *et seq.*

12. Plaintiff Angelica Salazar ("Salazar") is an adult resident of the state of New Jersey.

13. Plaintiff Salazar worked as a disaster and recovery services assistant technician for one or more of the Defendants from on or about September 2011 through February 2012.

14. Plaintiff Salazar was employed by one or more Defendants within the meaning of 29 U.S.C. § 203(g).

15. Plaintiff Salazar was employed by one or more Defendants within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq.*, § 3-401 *et seq.*, and §3-501 *et seq.*

16. Defendant Prompt Restoration, Inc. ("Prompt") is a Maryland corporation with its principal place of business in Elkridge, Maryland.

17. Defendant Prompt's office is located at 6675 Business Parkway, Suite D, Elkridge, MD 21075.

18. Defendant Prompt is an enterprise engaged in interstate commerce.

4

19. Upon information and belief, Defendant Prompt has annual business volume in excess of $500,000.

20. Defendant Prompt is an employer within the meaning of 29 U.S.C. § 203(d).

21. Defendant Prompt is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq*, § 3-401(c) and § 3-501(b).

22. Defendant Premier Insurance Solutions, Inc. ("Premier") is or was a Maryland corporation incorporated under the laws of the state of Maryland from July 16, 2010, through October 2012.

23. In October 2012 Defendant Premier's corporate status was forfeited.

24. Defendant Premier's office is located at 6675 Business Parkway, Suite D, Elkridge, MD 21075.

25. Upon information and belief, Defendant Premier continues to conduct business despite its forfeited corporate status.

26. Defendant Premier provides emergency board-up and mitigation services to homeowners and businesses that suffered partial or total destruction from natural disasters, fires and/or floods.

27. Defendant Premier is an enterprise engaged in interstate commerce.

28. Upon information and belief, Defendant Premier has annual business volume in excess of $500,000.

29. Defendant Premier is an employer within the meaning of 29 U.S.C. § 203(d).

30. Defendant Premier is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq*, , § 3-401(c) and § 3-501(b).

31. Defendant Jim Martin ("Martin") is President and Founder of Defendant Prompt.

5

32. Upon information and belief, Defendant Martin is a Director and part-owner of Defendant Premier.

33. At all relevant times, Defendant Martin was an owner, agent, and/or principal of Defendant Prompt, with both the actual and apparent authority to bind and set wage and hour policies and practices for Prompt employees.

34. At all relevant times, Defendant Martin was an owner, agent, and/or principal of Defendant Premier, with both the actual and apparent authority to bind and set wage and hour policies and practices for Premier employees.

35. Defendant Martin is an employer within the meaning of 29 U.S.C. § 203(d).

36. Defendant Martin is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq,* § 3-401(c) and § 3-501(b).

37. Defendant Prompt employs Defendant Omar Elias ("Elias").

38. Defendant Premier employs Defendant Elias.

39. Upon information and belief, Defendant Elias is part-owner of Defendant Premier.

40. Upon information and belief, Defendant Elias is a manager for Defendant Prompt.

41. Upon information and belief, Defendant Elias is a manager for Defendant Premier.

42. At all relevant times, Defendant Elias had the actual and apparent authority to bind and set wage and hour policies and practices for Defendant Prompt.

43. At all relevant times, Defendant Elias had the actual and apparent authority to bind and set wage and hour policies and practices for Defendant Premier.

44. Defendant Elias is an employer within the meaning of 29 U.S.C. § 203(d).

45. Defendant Elias is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq,,* § 3-401(c) and § 3-501(b).

46. Upon information and belief, Defendant Jamie Chenoweth is a Director and part-owner of Defendant Premier.

47. Upon information and belief, Defendant Chenoweth is married to Defendant Omar Elias.

48. Defendant Chenoweth had the actual and apparent authority to bind and set wage and hour policies and practices for Defendants Prompt.

49. Defendant Chenoweth had the actual and apparent authority to bind and set wage and hour policies and practices for Defendant Premier.

50. Defendant Chenoweth is an employer within the meaning of 29 U.S.C. § 203(d).

51. Defendant Chenoweth is an employer within the meaning of Md. Code Ann., Labor & Employ. Art., § 3-101 *et seq,,* § 3-401(c) and § 3-501(b).

52. The unlawful acts charged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of Defendants.

## STATEMENT OF FACTS

### Plaintiffs' Individual Allegations

53. Defendants provide emergency, 24-hour, disaster and recovery services to homes and businesses in and around the State of Maryland that are damaged or destroyed by natural disasters, fires, or floods, including emergency "board up" services, mitigation and reconstruction.

54. Defendants controlled Plaintiffs' work schedules and work locations.

55. Defendants assigned Plaintiffs' job tasks and directed the means of carrying them out.

7

56. Defendants provided Plaintiffs' with the instruments and materials needed to perform their assigned work.

57. Defendants supervised and evaluated Plaintiffs' job performance.

58. Defendants had the authority to hire and/or fire Plaintiffs.

59. Defendants Martin, Elias, and Chenoweth, on behalf of Defendant Prompt and Defendant Premier, assigned, authorized, assented to, and/or were aware of the work performed by Plaintiffs.

60. From August 2010 to approximately December 2011, Defendants regularly required Plaintiffs to work from 7:00 a.m. to 6:00 p.m., Monday through Friday.

61. Beginning in December 2011, through to the end of Plaintiffs' employment in February 2012, Defendants regularly required Plaintiffs to work from 8:00 a.m. to approximately 7:00 p.m., Monday through Friday.

62. Defendants regularly required Plaintiffs to report to work on Saturday and Sunday to perform emergency recovery services.

63. Depending on weather occurrences, the number of hours each Plaintiff worked each day and each week varied throughout Plaintiffs' employment with Defendants.

64. Defendants regularly failed to compensate Plaintiffs for the compensable travel time.

65. At all relevant times, Plaintiffs were "non-exempt" employees for purposes of the FLSA, and the MWHL.

66. Defendants regularly required Plaintiffs to work in excess of forty (40) hours in any one workweek.

8

67. For any weekly pay period in which the hours of Plaintiffs exceeded forty (40) hours, Defendants unilaterally and arbitrarily shaved what they deemed to be "excessive" hours worked, and therefore, Plaintiffs did not receive wages for all hours worked.

68. Defendants had a legal obligation to pay Plaintiffs for every hour worked at the Plaintiffs' regular rate of pay.

69. Defendants had a legal obligation to pay Plaintiffs at time-and-one-half their regular hourly rate for every hour worked in excess of forty (40) hours each workweek.

70. Defendants were and are aware that the FLSA and the MWHL require Defendants to pay time and one-half for every hour worked in excess of forty (40) hours in any one workweek to any non-exempt employee.

71. Defendants regularly failed to pay Plaintiffs overtime at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) in one workweek.

72. To date, Defendants have not paid Plaintiffs all earned wages for work performed on behalf of Defendants.

73. Defendants' violations of the wage payment requirements mandated by the FLSA, the MWHL, and the MWPCL, were willful and were not in good faith.

74. Defendants' violations of the wage payment requirements mandated by the FLSA, the MWHL, and the MWPCL, were not the result of a bona fide dispute.

75. Defendants are required to maintain accurate records documenting each hour and each day worked, and the wages received by Plaintiffs pursuant to 29 C.F.R. § 516 and Md. Code Ann., Labor & Employ., §3-424.

76. Upon information and belief, Defendants failed to maintain true and accurate records of each hour and each day worked, and the wages received by Plaintiffs. Defendants did not issue paystubs to Plaintiffs that included the gross earnings and deductions from those earnings as required by Md. Code Ann., Labor & Employ., §3-504.

77. Defendants' policies and practices set forth above constitute willful, knowing, and intentional violations of the FLSA, the MWHL, the MWPCL and the regulations promulgated thereto.

## FLSA COLLECTIVE ACTION CLASS

78. Plaintiffs also bring this action as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other persons similarly situated, who are or have been employed by Defendants as non-exempt, hourly or salaried employees, between August 2010 and the date of the final disposition of this action (the "Class Period"), who were not paid "time and one-half" for hours worked in excess of forty (40) hours in any one workweek.

### Collective Action Allegations

79. Defendants provide emergency, 24-hour, disaster and recovery services to homes and businesses that are damaged or destroyed by natural disasters, fires, or floods, including emergency "board up" services, mitigation and reconstruction.

80. Plaintiffs and other employees are similarly situated to one another based upon performing non-exempt labor for Defendants and not receiving time and one-half their regular rate for work performed in excess of 40 hours in any one workweek.

81. The labor performed by Plaintiffs and those similarly situated includes, but is not limited to, boarding up broken windows, disaster clean-up including water

remediation, mold remediation, drywall cutting, carpet extraction and cleaning, loading trucks with furniture that would either be discarded or cleaned, demolition, packing and moving furniture, and creating inventories of destroyed household items.

82. Defendants controlled Plaintiffs' and Class Members' work schedules and work locations.

83. Defendants assigned Plaintiffs' and Class Members' job tasks and directed the means of carrying them out.

84. Defendants supervised and evaluated Plaintiffs' and Class Members' job performance.

85. Defendants hired and/or fired Plaintiffs and Class Members.

86. Defendants Jim Martin, Omar Elias, and Jamie Chenoweth assigned, authorized, assented to, and/or were aware of the work performed by Plaintiffs and Class Members.

87. During the Class Period, Defendants routinely required Plaintiffs and Class Members to work in excess of forty (40) hours in one workweek.

88. Defendants supervised Plaintiffs and Class Members, and controlled the terms and conditions of their employment.

89. Defendants had and have a legal obligation to pay Plaintiffs and Class Members time-and-one-half their regular hourly rate of pay for every hour worked in excess of forty (40) hours each workweek.

90. Defendants failed to pay Plaintiffs and Class Members overtime at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) in one workweek.

91. At all relevant times, Plaintiffs and Class Members were "non-exempt" employees for purposes of the FLSA.

92. At all relevant times, Defendants jointly employed at least 55 employees to provide disaster and recovery services.

93. At all relevant times, at the beginning of each workday or shift, Defendants assigned each Plaintiff and Class Member to a disaster and recovery crew and assigned a crew foreman/forewoman.

94. Defendants required each disaster and recovery services crew member to load company vehicles with the tools and materials necessary to perform the assigned work.

95. At the end of each workday, each disaster and recovery services crew travelled back to the Defendants' office to unload tools and materials, clean soiled equipment, and unload discarded furniture, carpet, and other household or office items.

96. At all relevant times, at the end of each workday, each disaster and recovery services foreman/forewoman provided Defendants Elias or Chenoweth with a record of the hours worked that day by each crew member.

97. For any weekly pay period in which the hours of Plaintiffs and Class Members exceeded forty (40) hours, Defendants unilaterally and arbitrarily shaved Plaintiffs' and Class Members hours that they deemed to be "excessive," thus denying any wages to Plaintiffs and Class Members for some hours worked.

98. Throughout the Class Period, Defendants failed to maintain employee records for Plaintiffs and Class Members that recorded the time of day each Plaintiff and Class Member's workday began, each Plaintiff and Class Member's regular hourly rate, the

number of hours each Plaintiff and Class Member worked each day and each week, and the number of hours each Plaintiff and Class Member worked each pay period as required by 29 C.F.R. §§ 516.2, 516.6

99. Throughout the Class Period, Defendants had a legal obligation to pay Plaintiffs and Class Members overtime compensation at one and one-half their regular rate of pay for hours worked in excess of forty (40) hours each workweek.

100. Defendants did not pay Plaintiffs and Class Members all wages owed for each hour worked, and did not pay Plaintiffs and Class Members one-and-one-half times their regular hourly rate of pay for each hour worked in excess of forty (40) hours during each workweek.

101. To date, Plaintiffs and Class Members have not been paid all earned compensation owed them for hours worked during the Class Period.

102. Defendants were aware that the FLSA requires Defendants to pay all employees the federal overtime wage at one and one-half the regular hourly rate.

103. Plaintiff Chavez-Franco frequently asked Defendant Elias about Defendants' overtime policies, and Defendant Elias responded that Defendants do not pay overtime compensation to any of its employees.

104. The compensation policies and practices set forth above constitute willful, knowing, and intentional violations of the FLSA and the regulations promulgated thereto.

## COUNT I

### Violation of the FLSA
### (Plaintiffs and Class Members)

105. Plaintiffs and Class Members re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

106.   Plaintiffs and Class Members are or were employed by Defendants to perform
       manual labor and/or other duties that are "non-exempt" under the FLSA.

107.   Plaintiffs and Class Members each worked more than forty (40) hours in one or
       more workweeks within the FLSA Class Period.

108.   In violation of 29 U.S.C. § 207(a), Defendants failed and refused to pay Plaintiffs
       and Class Members for overtime work at a rate of at least one-and-one-half times
       the employees' regular rate of pay for hours in excess of forty (40) worked in any
       given workweek.

109.   Defendants' violations of the FLSA were repeated, willful, and intentional.
       Accordingly, a three-year statute of limitations governs this claim pursuant to 29
       U.S.C. § 255(a).

110.   Arising from these violations of the FLSA, Defendants are liable to Plaintiffs and
       Class Members for all unpaid overtime compensation, plus an additional amount
       as liquidated damages, plus costs and reasonable attorneys' fees incurred in the
       maintenance of this action.

## COUNT II

### Violation of the Maryland Wage and Hour Law
### (Plaintiffs Chavez-Franco and Salazar)

111.   Plaintiffs Chavez-Franco and Salazar re-allege and incorporate by reference each
       and every allegation set forth in the preceding paragraphs.

112.   Pursuant to Md. Code Ann., Labor and Employ., Article §§3-415 and 3-420, for
       all weeks during which Plaintiffs worked in excess of 40 hours, Defendants were
       obligated to compensate each Plaintiff at one and one-half times their regular
       hourly rate for all time worked in excess of 40 hours per week.

14

113.   Defendants did not pay Plaintiffs one-and-one-half times their regular rate of pay for every hour worked in excess of forty (40) each workweek, in violation of Section 3-415 of the MWHL.

114.   Defendants' violations of the MWHL and regulations promulgated thereto were repeated, willful, and intentional.

115.   Pursuant to Md. Code Ann., Labor and Employ., Article §3-427, Plaintiffs are entitled to recover the difference between the wages paid to them and the wage required under the statute, plus reasonable attorneys' fees and costs.

### COUNT III
### Violation of the Maryland Wage Payment and Collection Law
### (Plaintiffs Chavez-Franco and Salazar)

116.   Plaintiffs hereby re-allege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

117.   This count arises under the MWPCL, Md. Code Ann., Labor and Employ., Article 3-501 *et seq.*, for Defendants' failure to pay Plaintiffs all their wages, including overtime wages, earned.

118.   Pursuant to Md. Code Ann., Labor and Employ., Article 3-501 *et seq.*, Defendants were required to pay Plaintiffs all earned wages before their termination of employment.

119.   Defendants failed to comply with the payment obligation of the MWPCL.

120.   Defendants failure to pay to Plaintiffs they wages they earned was not the result of a bona fide dispute.

15

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class Members, respectfully request that the Court:

A.   Declare this Action to be maintainable as a collective action pursuant to 29 U.S.C. § 216(b);

B.   Enter judgment against Defendants, jointly and severally, for the damages sustained by Plaintiffs and Class Members during the FLSA Class Period, as a result of Defendants' willful and intentional violations of 29 U.S.C. § 207(a), and award Plaintiffs and all Class Members unpaid overtime, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

C.   Enter judgment against Defendants, jointly and severally, for the damages sustained by Plaintiffs Chavez-Franco and Salazar as a result of Defendants' willful and intentional violations of the MWHL and the regulations promulgated thereto;

D.   Enter judgment against Defendants, jointly and severally, for the damages sustained by Plaintiffs Chavez-Franco and Salazar as a result of Defendants' willful and intentional violations of the MWPCL and the regulations promulgated thereto;

E.   Enter judgment against Defendants, jointly and severally, for Plaintiffs and Class Members' reasonable attorneys' fees and costs; and,

F.   Grant Plaintiffs and Class members such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*Daniel A Katz*

Daniel A. Katz, Bar No. 13026
dkatz@ggilbertlaw.com
The Law Offices of Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881

Laura E. Varela-Addeo, Bar No. 28260
lvarela@ggilbertlaw.com
The Law Offices of Gary M. Gilbert & Associates
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881

Sheena Wadhawan, Bar No. 29824
swadhawan@casamd.org
CASA de Maryland
8151 15th Avenue
Hyattsville, MD 20783
Tel: (240) 491-5743
Fax: (301) 408-4123

*Attorneys for Plaintiffs*

17